Vanessa R. Waldref
United States Attorney
Eastern District of Washington
Alison L. Gregoire
Assistant United States Attorney
Post Office Box 1494
Spokane, Washington 99210-1494
(509) 353-2767

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Dec 08, 2022

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 2: 20-CR-00146-WFN |
| Plaintiff, | Global Plea Agreement |
| v. | Fed. R. Crim. P. 11(c)(1)(C) |
| JAIDEN GYVAN PETERSEN, | |
| Defendant. | |

Plaintiff United States of America, by and through Vanessa R. Waldref, United States Attorney for the Eastern District of Washington, and Alison L. Gregoire, Assistant United States Attorney for the Eastern District of Washington, and the State of Washington by and through Larry H. Haskell, Spokane County Prosecuting Attorney, and Eugene Cruz and Hannah Stearns, Deputy Prosecutors for Spokane County, and Defendant, JAIDEN GYVAN PETERSEN, and Defendant's counsel, Amy H. Rubin, agree to the following Plea Agreement pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C):

<u>Introduction</u>

Defendant, JAIDEN GYVAN PETERSEN, is presently charged in the Eastern District of Washington by Indictment, filed on October 21, 2020, with Production of

PLEA AGREEMENT - 1

Child Pornography, in violation 18 U.S.C. § 2251(a), in Counts One and Two, Receipt of Child Pornography, in violation of 18 U.S.C. § 2252A(a)(2), in Count Three, Distribution of Child Pornography, in violation of 18 U.S.C. § 2252A(a)(2), in Count Four.

Defendant is also charged by the State of Washington, in and for the County of Spokane. Defendant is charged by Information (case number 20-1-02023-32), filed on June 12, 2020, with three counts of Child Molestation in the First Degree, in violation of RCW 9A.44.083.

Defendant wishes to resolve all these pending federal and state charges as part of a single, global resolution. The United States Attorney's Office for the Eastern District of Washington and the Spokane County, Washington, Prosecuting Attorney's Office agree to such a resolution, as set forth herein.

1. Guilty Pleas and Maximum Statutory Penalties

A. Federal Charges:

Defendant, JAIDEN GYVAN PETERSEN, agrees to plead guilty to Production of Child Pornography, in violation of 18 U.S.C. § 2251(a), as charged in Counts One and Two, of the Indictment, filed on October 21, 2020.

Defendant understands that each count of Production of Child Pornography carries a maximum penalty of not less than fifteen (15) years nor more than thirty (30) years imprisonment, a fine not to exceed $250,000, a term of supervised release of not less than five (5) years up to life, and a $100 special penalty assessment. Defendant also understands that these penalties can be ordered to be served consecutively.

Pursuant to the Justice for Victims of Trafficking Act of 2015, upon conviction, an additional mandatory special assessment of $5,000 per count must also be imposed unless the sentencing court finds Defendant to be indigent, and an additional special penalty assessment of no more than $50,000, per count, may be imposed pursuant to

PLEA AGREEMENT - 2

the Amy, Vicky and Andy Child Pornography Victim Assistance Act of 2018, 18 U.S.C. § 2259A.

Defendant understands that a violation of a condition of supervised release carries an additional penalty of re-imprisonment for all or part of the term of supervised release without credit for time previously served on post-release supervision.

B. Washington State Charges:

Defendant, JAIDEN GYVAN PETERSEN, also agrees to plead guilty in the Superior Court of the State of Washington in and for the County of Spokane, to Counts One through Three of the Information filed, in case number 20-1-02023-32, filed on June 12, 2020, alleging Child Molestation in the First Degree, in violation of RCW 9A.44.083. The Washington State charges will be resolved by separate plea agreement, to be filed with the Spokane County, Washington, Superior Court. Pursuant to that agreement, the State of Washington agrees to recommend a 149-month term of imprisonment to run concurrent to the federal sentence.

2. The Court is Not a Party to this Plea Agreement

The Court is not a party to this Plea Agreement and may accept or reject it. Defendant understands the following: sentencing is a matter solely within the discretion of the Court; the Court is under no obligation to accept any recommendations made by the United States or Defendant; the Court will obtain an independent report and sentencing recommendation from the United States Probation Office; and the Court may exercise its discretion to impose any sentence it deems appropriate, up to the statutory maximum penalties.

Defendant acknowledges that no promises of any type have been made to Defendant with respect to the sentence the Court will impose in this matter.

Defendant understands that the Court is required to consider the applicable range under the United States Sentencing Guidelines, but may depart upward or downward under certain circumstances.

The United States and Defendant agree that this Plea Agreement is entered pursuant to Fed. R. Crim. P. 11(c)(1)(C) and to recommend Defendant be sentenced to a term of not less than fifteen years nor more than twenty years of imprisonment per count in the above captioned federal case for Production of Child Pornography in Counts One and Two, to run concurrently. The United States may withdraw from this Plea Agreement if the Court imposes a total sentence less than fifteen years. Defendant further understands that Defendant will have the option to withdraw from this Plea Agreement if the Court imposes a total sentence greater than twenty years.

3. Effect on Immigration Status

Defendant understands that pleading guilty may have consequences with respect to Defendant's immigration status if Defendant is not a citizen of the United States. Defendant understands that a broad range of federal crimes may result in Defendant's removal from the United States, including the offense to which Defendant is pleading guilty. Defendant understands that removal and other immigration consequences are the subject of separate proceedings. Defendant understands that while removal from the United States may be a result of Defendant's guilty plea if Defendant is not a citizen of the United States, no one, including Defendant's attorney or the District Court, can predict with absolute certainty the effect of a federal conviction on Defendant's immigration status. Defendant affirms that Defendant is knowingly, intelligently, and voluntarily pleading guilty as set forth in this Plea Agreement, regardless of any immigration consequences that Defendant's guilty plea may entail, even if removal from the United States is a virtual certainty if Defendant is not a United States citizen.

4. <u>Waiver of Constitutional Rights</u>

Defendant, JAIDEN GYVAN PETERSEN, understands that by entering this plea of guilty, Defendant is knowingly and voluntarily waiving certain constitutional rights, including:

      (a)    The right to a jury trial;

      (b)    The right to see, hear and question the witnesses;

      (c)    The right to remain silent at trial;

      (d)    The right to testify at trial; and

      (e)    The right to compel witnesses to testify.

While Defendant is waiving certain constitutional rights, Defendant understands Defendant retains the right to be assisted through the sentencing and any direct appeal of the conviction and sentence by an attorney, who will be appointed at no cost if Defendant cannot afford to hire an attorney.  Defendant also acknowledges that any pretrial motions currently pending before the Court are waived.

5. <u>Elements of the Offenses</u>

The United States and Defendant agree that to convict Defendant of Production of Child Pornography (Counts One and Two), in violation of 18 U.S.C. § 2251(a), the United States would have to prove beyond a reasonable doubt the following elements:

      (a)    First:  At the time of the offenses charged in the Indictment, the minors identified as Minor 2 and Minor 3, were under the age of eighteen;

      (b)    Second:  On or about the dates charged in the Indictment, in the Eastern District of Washington, Defendant employed, used, persuaded, induced or enticed each minor victim to take part in  sexually explicit conduct for the purpose of producing a visual depiction of such conduct;

PLEA AGREEMENT - 5

(c)     Third: (a) Defendant knew or had reason to know that such visual depiction would be transported using any means or facility of interstate or foreign commerce; or

(b) Defendant knew or had reason to know that such visual depiction would be transported in or affecting interstate or foreign commerce; or

(c) Such visual depiction was produced using materials that have been mailed or shipped or transported in and affecting interstate or foreign commerce by any means, including by computer; or

(d) Such visual depiction was transported using any means and facility of interstate and foreign commerce; or

(e) Such visual depiction was transported in and affecting interstate and foreign commerce.

6.  Factual Basis and Statement of Facts:

The United States and Defendant stipulate and agree that the following facts are accurate; that the United States could prove these facts beyond a reasonable doubt at trial; and that these facts constitute an adequate factual basis for JAIDEN GYVAN PETERSEN'S guilty plea.  This statement of facts does not preclude either party from presenting and arguing, for sentencing purposes, additional facts which are relevant to the sentencing guideline computations or sentencing, unless otherwise prohibited by this agreement.

FBI received a CyberTip from Snapchat indicating child pornography had traveled across their servers pertaining to a specific IP address in Eastern Washington. The Snapchat account residential logins were traced, via IP address, to a specific address on Cherry, in Spokane Valley, Washington. The user of the account was subsequently identified as JAIDEN GYVAN PETERSEN.  When the FBI received and executed the search warrant at Cherry, they found the home was that of Jaiden

PETERSEN'S brother. The brother explained the SnapChat user was Jaiden PETERSEN who had been living there, but Jaiden PETERSEN had moved in a few months prior with their other brother who resided on Glass Avenue in Spokane.

A search warrant was subsequently obtained for the Glass Avenue address where agents found a PlayStation, used girls' underwear (ranging from 28-pound size to 83-pound size), a thumb drive and a cell phone. Living at the house were Jaiden PETERSEN, his brother, and his partner as well as their children to include their Minor 1, whom Jaiden PETERSEN had babysat.

Jaiden PETERSEN was interviewed at the time of the search warrant. When he was originally approached, he was told not to touch his phone, and he immediately grabbed it and turned it off. He was then handcuffed. He was taken to an FBI vehicle, unhandcuffed and Mirandized.

Jaiden PETERSEN admitted the subject account was his noting his Snapchat ID was petersenjaiden and his e-mail was jgpetersen00@gmail.com, both of which were listed in the CyberTip. Jaiden said he got his child pornography from internet Google searches. He stated he started viewing underage sexual images at about age 12 and continued to the present. PETERSEN had the known child pornography series "Ukrainian Angels." He had downloaded child sex images at his mother's address on Nora, his brother's address at Cherry and his current brother's residence on Glass. PETERSEN stated images of his 17 year old girlfriend would be found on the devices.

All of PETERSEN's devices were reviewed forensically. The FBI found at total of over 1,000 child pornography images and 10 child pornography videos pursuant to the review. Of note, three images were of a local production victim (victim of a separate defendant) that were traded directly with PETERSEN. Other images included urination and child bondage.

PLEA AGREEMENT - 7

## Minor 2

Defendant's then underage girlfriend, Minor 2 (born January 1999), was located and interviewed by the FBI. She explained she communicated with Jaiden PETERSEN over Facebook Messenger and Snapchat, since she was 14 years old and that he knew her true age. Minor 2 described her relationship with PETERSEN as not dating, but involving sex and the sending, at his request, of sexual images of herself. The images included breasts, nudes, genitals, and masturbation, which were sent over Snapchat. From ages 14 to 17 she created sexual images of herself, each time at PETERSEN's request. She estimated sending 65 or more pictures of herself (meeting the federal definition of child pornography) to PETERSEN. She sent, on average, two images or videos per week.

## Minor 3

PETERSEN's Google account (associated with his e-mail) was searched and several potential victims emerged from his "Google Photos," one of which was Minor 3 (born December 2005).

Minor 3 was interviewed and stated she had met PETERSEN on Xbox live. Minor 3 identified several photos of herself that she had sent PETERSEN via Snapchat. She detailed where the photos were taken, that she was depicted in the photos, and that the photos were taken at Defendant's request. The dates available for the photos show they were produced between September and October 2019, when Minor 3 was 13 years old. The photos included masturbation and lascivious exhibition of the genitals.

PETERSEN knew Minor 3's age and minor status. He told her he was more than 7 years older than her and he could get in trouble for talking to her. Jaiden PETERSEN stated he was "20 something" and Minor 3 told him her true age at the time, 13. He knew she was in Spokane and attending middle school because he

PLEA AGREEMENT - 8

commented that he had gone to the same middle school. He asked to meet her but Minor 3 refused. PETERSEN told her about the sexual interest he had in his younger "cousin," and explained how he had touched his penis to her lips (Minor 1).

PETERSEN sent penis images and masturbation videos to Minor 3 over Snapchat. Minor 3 saw a poster of females sitting down showing their backsides on the wall behind PETERSEN in the images. This same poster can be seen in search warrant photos on the wall by PETERSEN'S computer and in his room.

PETERSEN sent child pornography to Minor 3 through Snapchat three times. One looked like a seven-year-old "doing stuff." He said he liked it. One time he sent an image of his cousin (later determined to be Minor 1). She was sleeping and he lifted her blanket exposing her "private parts."

SA McEuen located 416 images of Minor 3 in PETERSEN's digital accounts, approximately 200 of which would qualify as child pornography.

7. The United States' Agreements

At the time of sentencing, the United States agrees to move to dismiss Counts Three and Four of the Indictment, which charge Defendant Receipt of Child Pornography, in violation of 18 U.S.C. 2252A(a)(2), and Distribution of Child Pornography, in violation of 18 U.S.C. 2252A(a)(2), respectively.

The United States Attorney's Office for the Eastern District of Washington agrees not to bring any additional charges against Defendant based upon information in its possession at the time of this Plea Agreement unless Defendant breaches this Plea Agreement any time before or after sentencing.

8. United States Sentencing Guideline Calculations

Defendant understands and acknowledges that the United States Sentencing Guidelines (hereinafter "U.S.S.G.") are applicable to this case and that the Court will determine Defendant's applicable sentencing guideline range at the time of

sentencing.

### a. Base Offense Level

The United States and Defendant agree that the base offense level for Production of Child Pornography is 32. U.S.S.G. §2G2.1(a).

### b. Special Offense Characteristics

Defendant and the United States agree and stipulate that the following specific offense characteristics are applicable to Minor 2 and Minor 3:

The offense level will be increased by two (2) levels because the minor victims had not attained the age of 16 years. U.S.S.G. §2G2.1(b)(1)(B).

The offense level will be increased two (2) levels because the offense involved the commission of sexual contact or a sexual act. U.S.S.G. §2G2.1(b)(2)(A).

The offense level will be increased two (2) levels because the offense involved distribution to the Defendant and the Defendant distributed images. *See* U.S.S.G. §2G2.1(b)(3).

The offense will be increased by two (2) levels because of the use of a computer. U.S.S.G. §2G2.1(b)(6).

### i. Multiple Count Analysis

The United States and Defendant agree and stipulate that the counts of conviction do not group.

### ii. Repeat and Dangerous Sex Offender Against Minors

Defendant stipulates and agrees Counts One and Two are covered sex crimes and that he engaged in a pattern of activity involving prohibited sexual conduct, thereby increasing the offense level by five (5) levels. U.S.S.G. § 4B1.5(b)(1).

### c. Acceptance of Responsibility

If Defendant pleads guilty and demonstrates a recognition and affirmative acceptance of personal responsibility for the criminal conduct; provides complete and

accurate information during the sentencing process; does not commit any obstructive conduct; and accepts this Plea Agreement; the United States will move for a three (3) level downward adjustment in the offense level for Defendant's timely acceptance of responsibility, pursuant to U.S.S.G. § 3E1.1(a) and (b).

Defendant and the United States agree that the United States may at its option and upon written notice to Defendant, not recommend a three (3) level downward adjustment for acceptance of responsibility if, prior to the imposition of sentence, Defendant is charged or convicted of any criminal offense whatsoever or if Defendant tests positive for any controlled substance.

     d.    No Other Agreements

The United States and Defendant have no other agreements regarding the Guidelines or the application of any Guidelines enhancements, departures, or variances. Defendant understands and acknowledges that the United States is free to make any sentencing arguments it sees fit, including arguments arising from Defendant's uncharged conduct, conduct set forth in charges that will be dismissed pursuant to this Agreement, and Defendant's relevant conduct.

     e.    Criminal History

The United States and Defendant understand that Defendant's criminal history computation is tentative and that ultimately Defendant's criminal history category will be determined by the Court after review of the Presentence Investigation Report. The United States and Defendant have made no agreement and make no representations as to the criminal history category, which shall be determined after the Presentence Investigation Report is completed.

9. Incarceration

The United States and Defendant agree that this Plea Agreement is entered pursuant to Fed. R. Crim. P. 11(c)(1)(C) and to recommend Defendant be sentenced to

PLEA AGREEMENT - 11

between fifteen (15) and twenty (20) years of imprisonment for each count of Production of Child Pornography, pursuant to Counts One and Two of the Indictment, to run concurrently, and to be followed by a lifetime term of supervised release. If the Court does not accept the plea or chooses to sentence Defendant to a greater or lesser sentence than the United States and Defendant have agreed upon, Defendant and the United States may each withdraw from the plea agreement, and this agreement is null and void.

Defendant and the Spokane County Prosecutor's Office agree, upon Defendant's plea of guilty to three counts of Child Molestation in the First Degree as alleged in the Information (case number 20-1-02023-32), filed on June 12, 2020, to recommend a sentence of 149 months incarceration, to be served concurrently with federal sentences arising out of the Eastern District of Washington.

10. Supervised Release:

The United States and Defendant agree to recommend a lifetime term of supervised release be imposed in the instant case.

11. Criminal Fine:

The United States and Defendant are free to make whatever recommendation concerning the imposition of a criminal fine that they believe is appropriate.

12. Restitution:

The United States and Defendant hereby stipulate and agree pursuant to 18 U.S.C. §§ 2259, 3663, 3663A and 3664, the Court should order restitution to Minors 1, 2, and 3, for the full amount of the victims' losses. The United States and Defendant hereby stipulate and agree that Minor 1, Minor 2, and Minor 3 suffered harm from actual sexual abuse caused by the Defendant. The Defendant hereby stipulates and agrees to pay Minor 2, and Minor 3 restitution for any harm proximately caused by Defendant's offenses of conviction. The Defendant further

PLEA AGREEMENT - 12

agrees and stipulates to pay restitution to Minor 1, the victim of Defendant's conduct as charged the Spokane County Information.

The United States and Defendant hereby stipulate and agree that pursuant to 18 U.S.C. § 2259, the Court shall order restitution for the full amount of the victims' losses. "Victims" may include legal guardians or others in the case of a minor victim per 18 U.S.C. § 2259(c). The United States and Defendant also hereby stipulate and agree that the Court shall order full restitution to any entity, organization, insurance company, individual(s), and/or medical providers who provided medical services and/or funds related to the treatment of the victims.

Defendant understands and agrees that the Court, in addition to any other penalty, the Court may order Defendant to make restitution to any other victims of the offenses, pursuant to 18 U.S.C. § 3663(a)(3), including restitution as to all counts charged, whether or not Defendant enters a plea of guilty to such counts, and whether or not such counts are dismissed pursuant to this agreement. Pursuant to 18 U.S.C. § 2259(b)(2), the Court shall order restitution for the full amount of the victims' losses in an amount that reflects the Defendant's relative role in the causal process that underlies the victim's losses, but which is no less than $3,000 per victim. The parties agree that restitution should first be made to Minors 1, 2, and 3. After such restitution is complete, restitution will be paid to the remaining victims.

With respect to restitution, the United States and Defendant agree to the following:

    a. <u>Restitution Amount and Interest</u>

The United States and the Defendant hereby stipulate and agree that, pursuant to 18 U.S.C. §§ 2259, 3663, 3663A and 3664, the Court should order restitution in an amount to be determined at or before sentencing.. The United States and Defendant agree that interest on this restitution amount, if any, should be waived.

b. Payments

To the extent that the Court orders restitution, the United States and Defendant agree that the Court will set a restitution payment schedule based on his financial circumstances. *See* 18 U.S.C. § 3664(f)(2), (3)(A). Regardless, Defendant agrees to pay not less than 10% of his net monthly income towards his restitution obligation.

c. Treasury Offset Program and Collection

Defendant understands the Treasury Offset Program ("TOP") collects delinquent debts owed to federal agencies. If applicable, the TOP may take part or all of Defendant's federal tax refund, federal retirement benefits, or other federal benefits and apply these monies to Defendant's restitution obligations. *See* 26 U.S.C. § 6402(d); 31 U.S.C. § 3720A; 31 U.S.C. § 3716.

Defendant also understands the United States may, notwithstanding the Court-imposed payment schedule, pursue other avenues to ensure the restitution obligation is satisfied, including, but not limited to, garnishment of available funds, wages, or assets. *See* 18 U.S.C. §§ 3572, 3613, 3664(m). Nothing in this acknowledgment shall be construed to limit Defendant's ability to assert any specifically identified exemptions as provided by law, except as set forth in this Plea Agreement.

Until a fine or restitution order is paid in full, Defendant agrees fully to disclose all assets in which he has any interest or over which he exercises control, directly or indirectly, including those held by a spouse, parent, nominee, or third party. Defendant agrees to truthfully complete the Financial Disclosure Statement that will be provided by the earlier of 30 days from Defendant's signature on this plea agreement or the date of Defendant's entry of a guilty plea, sign it under penalty of perjury and provide it to both the United States Attorney's Office and the United States Probation Office. Defendant expressly authorizes the U.S. Attorney's Office to obtain a credit report on Defendant upon the signing of this Plea Agreement. Until

PLEA AGREEMENT - 14

such time as the fine or restitution order is paid in full, Defendant agrees to provide waivers, consents or releases requested by the U.S. Attorney's Office to access records to verify the financial information. The parties agree that Defendant's failure to timely and accurately complete and sign the Financial Disclosure Statement, and any update thereto, may, in addition to any other penalty or remedy, constitute Defendant's failure to accept responsibility under U.S.S.G § 3E1.1.

d. Notifications and Waivers

Defendant agrees to notify the Court and the United States of any material change in his economic circumstances (e.g., inheritances, monetary gifts, changed employment, or income increases) that might affect his ability to pay restitution. *See* 18 U.S.C. § 3664(k). This obligation ceases when the restitution is paid-in-full.

Defendant agrees to notify the United States of any address change within 30 days of that change. *See* 18 U.S.C. § 3612(b)(1)(F). This obligation ceases when the restitution is paid-in-full.

Defendant acknowledges that the Court's decision regarding restitution is final and non-appealable, except as otherwise provided for in this Agreement. Neither party may withdraw from the Plea Agreement based on the ultimate amount of restitution ordered.

13. Mandatory Special Penalty Assessment:

Defendant agrees to pay the $200 mandatory special penalty assessment to the Clerk of Court for the Eastern District of Washington, at or before sentencing, pursuant to 18 U.S.C. § 3013 and shall provide a receipt from the Clerk to the United States before sentencing as proof of this payment.

Pursuant to the Justice for Victims of Trafficking Act of 2015, 18 U.S.C. § 3014, upon conviction, unless the Sentencing Court finds the Defendant to be indigent, an additional mandatory special assessment of $5,000 must also be imposed

PLEA AGREEMENT - 15

per count.

Pursuant to the Amy, Vicky and Andy Child Pornography Victim Assistance Act of 2018, 18 U.S.C. § 2259A, upon conviction, in addition to any other criminal penalty, restitution, or special assessment authorized by law, the court shall assess additional special penalty assessment of no more than $50,000 per count.

14. Payments While Incarcerated:

If Defendant lacks the financial resources to pay the monetary obligations imposed by the Court, Defendant agrees to earn the money to pay toward these obligations by participating in the Bureau of Prisons' Inmate Financial Responsibility Program.

15. Judicial Forfeiture:

The Defendant, JAIDEN GYVAN PETERSEN, agrees to voluntarily forfeit and relinquish all right, title and interest in all assets listed herein to the United States, and hereby agrees to execute any and all forms and pleadings necessary to effectuate such forfeiture of assets, including, but not limited to the following:

- Coolpad silver cell phone;
- SanDisk 64GB thumb drive; and

The Defendant stipulates that he is the sole owner of the assets identified in this Plea Agreement and that no one else has an interest in the assets.

The Defendant stipulates and acknowledges that the assets listed above that the Defendant is agreeing to forfeit are subject to forfeiture pursuant to 18 U.S.C. § 2253(a) and (b), as property used or intended to be used in any manner or part to commit or to facilitate the commission of the offense Production of Child Pornography, in violation of 18 U.S.C. § 2251(a), as charged in Counts One and Two, of the Indictment to which Defendant is pleading guilty.

The Defendant agrees to take all steps as requested by the United States to pass

PLEA AGREEMENT - 16

clear title to the assets to the United States, and to testify truthfully in any forfeiture proceeding.

The Defendant agrees to hold all law enforcement agents/officers, and the United States, its agents, and its employees harmless from any claims whatsoever arising in connection with the seizure and forfeiture of any asset covered by this agreement.

The Defendant waives further notice of any federal, state, or local proceedings involving the forfeiture of the seized assets the Defendant is agreeing to forfeit in this Plea Agreement.

The Defendant further agrees to waive all constitutional, equitable and statutory challenges in any manner (including direct appeal, habeas corpus, or any other means) to any forfeiture carried out in accordance with this Plea Agreement on any grounds, including that the forfeiture constitutes an excessive fine or punishment. Defendant waives any challenges or claims that the indictment lacked sufficient notice to the Defendant that the Government sought forfeiture of the property listed above for the counts to which Defendant pleads guilty. Defendant knowingly and voluntarily waives his right to a jury trial on the forfeiture of the asset(s). Defendant waives oral pronouncement of forfeiture at the time of sentencing, and any defects that may pertain to the forfeiture.

16. <u>Additional Violations of Law Can Void Plea Agreement</u>:

Defendant and the United States agree that the United States may at its option and upon written notice to Defendant, withdraw from this Plea Agreement or modify its recommendation for sentence if, prior to the imposition of sentence, Defendant is charged or convicted of any criminal offense whatsoever or if Defendant tests positive for any controlled substance.

17. Waiver of Appeal Rights

Defendant understands that Defendant has a limited right to appeal or challenge Defendant's conviction and the sentence imposed by the Court.

Defendant expressly waives all of Defendant's rights to appeal Defendant's conviction and the sentence the Court imposes.

Defendant expressly waives Defendant's right to appeal any fine, term of supervised release, or restitution order of $25,000 or less imposed by the Court. Defendant retains to the right to appeal a restitution order which exceeds a total of $25,000.

Defendant expressly waives the right to file any post-conviction motion attacking Defendant's conviction and sentence, including a motion pursuant to 28 U.S.C. § 2255, except one based on ineffective assistance of counsel arising from information not now known by Defendant and which, in the exercise of due diligence, Defendant could not know by the time the Court imposes sentence.

Nothing in this Plea Agreement shall preclude the United States from opposing any post-conviction motion for a reduction of sentence or other attack upon the conviction or sentence, including, but not limited to, writ of habeas corpus proceedings brought pursuant to 28 U.S.C. § 2255.

Defendant expressly waives Defendant's right to bring any motion for Compassionate Release other than a motion arising from the bases set forth in Section 1B1.13 of the Sentencing Guidelines.

18. Withdrawal or Vacatur of Defendant's Plea

Should Defendant successfully move to withdraw from this Plea Agreement or should Defendant's conviction be set aside, vacated, reversed, or dismissed under any circumstance, then:

      a.     this Plea Agreement shall become null and void;

PLEA AGREEMENT - 18

b. the United States may prosecute Defendant on all available charges;

c. The United States may reinstate any counts that have been dismissed, have been superseded by the filing of another charging instrument, or were not charged because of this Plea Agreement; and

d. the United States may file any new charges that would otherwise be barred by this Plea Agreement.

The decision to pursue any or all of these options is solely in the discretion of the United States Attorney's Office.

Defendant agrees to waive any objections, motions, and defenses Defendant might have to the United States' decision about how to proceed, including a claim that the United States has violated Double Jeopardy.

Defendant agrees not to raise any objections based on the passage of time, including but not limited to, alleged violations of any statutes of limitation or any objections based on the Speedy Trial Act or the Speedy Trial Clause of the Sixth Amendment.

19. Notice of Sex Offender Registration:

Defendant has been advised and understands, that as a convicted sex offender, under the Sex Offender Registration and Notification Act, a federal law, Defendant must register and keep the registration current in each of the following jurisdictions: the location of Defendant's residence, the location of Defendant's employment; and, if Defendant is a student, the location of Defendant's school. Registration will require that Defendant provide information that includes name, residence address, and the names and addresses of any places at which Defendant is or will be an employee or a student. Defendant understands that he must update his registrations not later than

PLEA AGREEMENT - 19

three business days after any change of name, residence, employment, or student status. Defendant understands that failure to comply with these obligations subjects Defendant to prosecution for failure to register under federal law, 18 U.S.C. § 2250, which is punishable by a fine or imprisonment, or both.

20. Integration Clause:

The United States and Defendant acknowledge that this document constitutes the entire Plea Agreement between the United States and Defendant, and no other promises, agreements, or conditions exist between the United States and Defendant concerning the resolution of the case. This Plea Agreement is binding only upon the United States Attorney's Office for the Eastern District of Washington, and cannot bind other federal, state, or local authorities. The United States and Defendant agree that this agreement cannot be modified except in a writing that is signed by the United States and Defendant.

Approvals and signatures

Agreed and submitted on behalf of the United States Attorney's Office for the Eastern District of Washington.

Vanessa R. Waldref
United States Attorney

_____     12|8|22
Alison L. Gregoire                           Date
Assistant U.S. Attorney

Agreed and submitted on behalf of the Spokane County Prosecutors Office.

Larry Haskell
Spokane County Prosecuting Attorney

_____     12|5|22
# 46329

PLEA AGREEMENT - 20

Eugene Cruz and Hannah Stearns                    Date
Spokane County Deputy Prosecutors

    I have read this Plea Agreement and have carefully reviewed and discussed every part of the agreement with my attorney.  I understand and voluntarily enter into this Plea Agreement.  Furthermore, I have consulted with my attorney about my rights, I understand those rights, and I am satisfied with the representation of my attorney in this case.  No other promises or inducements have been made to me, other than those contained in this Plea Agreement and no one has threatened or forced me in any way to enter into this Plea Agreement.  I am agreeing to plead guilty because I am guilty.

_____          _12/8/22_____
JAIDEN GYVAN PETERSEN                      Date
Defendant

    I have read this Plea Agreement and have discussed the contents of the agreement with my client.  The Plea Agreement accurately and completely sets forth the entirety of the agreement between the parties.  I concur in my client's decision to plead guilty as set forth in the Plea Agreement.  There is no legal reason why the Court should not accept Defendant's plea of guilty.

_____          _12/8/22_____
Amy H. Rubin                               Date
Attorney for Defendant

PLEA AGREEMENT - 21